# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

July 11, 2016

MARISOL SANTOS, ESQ.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: msantos@hanglaw.com

**VIA ECF**
Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

      Re:    Morocho v. D&P Recycle Inc., et al.
              EDNY #15-CV-7294 (LDH) (VMS)

Dear Judge Scanlon:

      Plaintiff Glenda Morocho ("Plaintiff"), along with Defendants D&P Recycle Inc., Qi Miao Zhou, and Douglas Chan ("Defendants"), respectfully request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

      This is an action by a single plaintiff for alleged unpaid minimum wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL"). Plaintiff also seeks statutory damages based on Defendants alleged failure to provide certain notices that are required under the NYLL. Plaintiff alleges that she was formerly employed at Defendants' recycling company from December 5, 2012 through December 19, 2015, working 6 days per week leading to total fifty-four (54) hours each week. Plaintiff claims that Defendants paid a flat daily rate below minimum wage. On the contrary, Defendants maintain that Plaintiff was only employed at D&P Recycle Inc. from March 1, 2013 to December 19, 2015, working 6 days per week for a total of forty six and one-half (46.5) hours each week. Defendants also maintain that no spread-of-hours pay is due as Plaintiff's shifts did not exceed 10 hours per day.

      If Plaintiff were to prevail on all of her claims, her unpaid wages, exclusive of liquidated damages, would total approximately $22,000. If Defendants prevailed on their stronger defenses, they claim that Plaintiffs damages would be approximately $16,751.74 (underpayment of $5,418.72 in minimum wages and $11,333.01 in overtime wages). The gross settlement amount is $30,000 and $19,600 would be payable to Plaintiff, which is a little less than

Plaintiff's back wage calculation and more than Defendants' back wage calculation. This reflects a reasonable compromise between the parties' different claims. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable. The foregoing settlement was reached after lengthy settlement discussions between counsels over the course of the entire discovery period.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her hours is sufficient to prove the hours that she worked and the wages she received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), her recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours. The fact that the matter is being settled prior to time-consuming and extensive discovery and litigation is beneficial to both parties. Furthermore, resolving Plaintiff's claims through settlement also eliminates the burden and uncertainty of collection proceedings.

Significantly, if the case was to go to trial, Defendants are confident that they would be able to show through witness testimonies that Plaintiff worked 46.5 hours instead of 54 per week, and that Plaintiff was not entitled to spread-of-hours pay. Nevertheless, Defendants agreed on the settlement amount of $30,000 (to be paid over the course of 12 months) in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective defenses.

**Attorneys' Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's retainer agreement with the Plaintiffs (see Exhibit B), the firm will be reimbursed for its out-of-pocket expenses of $600, and will retain 1/3 of the settlement amount of $29,400 as attorneys' fees, for a total amount of attorneys' fees ($9,800) and costs of $600, as set forth in Paragraph 1 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199,

206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

We have enclosed a true and correct copy of the contemporaneous time records kept by our firm in connection with this matter. (Exhibit C). All of time billed was reasonably necessary to secure the results we have achieved for our client thus far.

Generally, Hang & Associates, PLLC represents both plaintiffs and defendants with respect to litigating claims arising out of the employment relationship, including claims relating to employment discrimination, wage and hour issues, and contract disputes. While the majority of our plaintiff-side work is contingency-based, we typically calculate our attorney fees based on our hourly rates. Mr. Jian Hang, Esq., principal attorney of Hang & Associates PLLC, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced at Epstein, Becker & Green, P.C. Hang & Associates, PLLC, focusing exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. Marisol Santos, Esq. is a 2013 graduate of Fordham University School of Law where she received the Archibald R. Murray Cum Laude Award for her commitment to public service. She is fluent in Spanish and has practiced employment law exclusively since her graduation. Her hourly rate is therefore $275 per hour. Our firm spent over 35 hours on this matter, and had we been billing hourly, would have incurred $13,235 in fees and costs, but is only receiving $10,400 in this settlement agreement. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

                                            Respectfully submitted,

                                            /s/   Marisol Santos
                                            Marisol Santos, Esq.

Cc:    Kevin K. Yam, Esq. (via ECF)